Edmar M. Amaya, Esq., LL.M.
Florida Bar No.  063816
edmar.amaya@edamlaw.com
Attorney for Plaintiff
EDAM LAW PLLC
Latitude One Building
175 SW 7th Street, Suite 2410,
Miami FL 33130
Office + 1 (305) 643-0740

**U.S. BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA (FORT LAUDERDALE)**
**Bankruptcy Petition #: 20-22993-SMG**

| | |
|---|---|
| **IN RE:**<br>**VITALY BAHAR**,<br>   Debtor, | GROSSMAN<br><br>CASE NO: **20-22993-SMG**<br><br>Chapter 7 |
| **JONNY EDGARDO PINEDA RAPALO**<br>   Plaintiff/Creditor,<br>vs.<br>**VITALY BAHAR**,<br>   individually, Defendant. | COMPLAINT TO DETERMINE DISCHARGEABILITY AND IN OBJECTION TO DISCHARGE<br>[11 U.S.C. §§ 523(a)(2)(A, B); and 523(a)(4, 6).] |

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT**
**[11 U.S.C. §§ 523(a)(2)(A)(B) and 523(a)(4)]**

**(Jonny Edgardo Pineda Rapalo - $19,000.00 plus interest)**

Plaintiff/Creditor, Jonny Edgardo Pineda Rapalo ("Pineda" or "Plaintiff/Creditor"), by and through undersigned counsel, files this Complaint, against Defendant/Debtor, Vitaly Bahar, ("Bahar" or "Defendant/Debtor") to determine the non-dischargeability of debt pursuant to 11 U.S.C. §§ 523(a)(2)(A, B), and 523(a)(4, 6) and alleges as follows:

## JURISDICTION, VENUE, AND THE PARTIES

1. This is an adversary proceeding in the debtor's Case No. **20-22993-SMG** under Chapter 7 of Title 11 of the United States Bankruptcy Code, now pending in this Court. This Court has jurisdiction of this adversary proceeding pursuant to 11 U.S.C. §§ 727, 523, and 365. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and (J).

2. Defendant/Debtor is not eligible for discharge as a debtor in his bankruptcy action pursuant to 11 U.S.C. §§ 727(a)(4)(A). Defendant/Debtor is also indebted to Plaintiff/Creditor as fully detailed below, and the debt is not dischargeable in bankruptcy by virtue of the provisions of 11 U.S.C. §§ 523(a)(2)(A)(B), (4) and (6).

3. The Debtor herein resides in Broward County and submitted himself to the jurisdiction of the Court by filing a bankruptcy petition.

4. Plaintiff/Creditor Pineda is an individual, *sui juris*, who is a resident and citizen of Honduras. Pineda is in the heavy machinery and construction business in his home country of Honduras.

5. Defendant/Debtor Bahar, was, at all times material hereto, the co-owner of 2-HANDS Machinery, Corp., and resides in Florida is over the age of 18 years, and is otherwise *sui juris*.

## GENERAL ALLEGATIONS

6. On or about December 10th, 2019, Pineda used the website www.machinerytrader.com to find an excavator (heavy construction equipment) to purchase for his construction business in Honduras.

7. Bahar and his girlfriend Libia Wong, are the co-owners of 2-HANDS Machinery, Corp., advertised in www.machinerytrader.com and their website

https://www.2handsmachinery.com/ 1997 used Caterpillar 320LB Hydraulic Excavator, model with Serial Number 6CR01636 (hereinafter the "Excavator").

8. On or about December 10, 2019, Plaintiff/Creditor Pineda contacted Wong and Defendant/Debtor Bahar by telephone to inquire about the Excavator and Wong told Plaintiff/Creditor Pineda that the Excavator was in perfect condition and that it was available for immediate delivery from Houston to Galveston, Texas for immediate shipment from Galveston to Honduras. In a subsequent WhatsApp text conversation, Wong offered to sell Plaintiff/Creditor Pineda the Excavator for the price of $19,000, but that she needed to receive payment immediately of one half of the sales price since according to her, she had several clients "ready to purchase" the Excavator.

9. On or about December 13, 2019, Plaintiff/Creditor Pineda agreed to purchase the Excavator for the total amount of $19,000.00 in two $9,500 payments.

10. On December 13, 2019, Wong, sent Plaintiff/Creditor Pineda invoice number 2390 for $19,000.00 via WhatsApp, describing the Excavator with serial number 6CR01636. A true and correct copy of the invoice is hereby incorporated by reference and attached as exhibit "A."

11. Defendant/Debtor Bahar and Wong assured Plaintiff/Creditor Pineda that the Excavator was going to be delivered to the port of Galveston, TX, within one or two weeks of payment, or on or before the first week of January 2020. In a further effort to have Plaintiff/Creditor Pineda wire the money to the Defendant/Debtor quickly, Wong sent videos and pictures of the purported Excavator to Pineda via WhatsApp text message. A true and correct copy of the photos of the Excavator sent to Pineda by Wong is attached as exhibit "B."

12. Pineda wired the first payment to Defendant/Debtor on December 13, 2019, from a Honduras bank account (BanPais) in the amount of $9,500.00 and the second payment was wired

three days later on December 16, 2019, in the amount of $9,500.00. A true and correct copy of wire transfers to Defendant/Debtor's bank account number 4288291382 is hereby incorporated by reference and attached hereto as Exhibit "C." Defendant/Debtor do not and cannot dispute that they have received both wires.

13. After the time for delivery passed, Plaintiff/Creditor Pineda inquired about the delivery of the Excavator by email and phone. Defendant/Debtor Bahar and Wong stated that she was not able to ship the Excavator to Galveston because of the Christmas holidays and that shipment to Galveston would have to wait until January.

14. In January 2020, Plaintiff/Creditor Pineda again called and sent text messages to Wong to see when the Excavator was going to be delivered to Galveston for shipment to Honduras. In response, Wong came up with another lie and told Plaintiff/Creditor Pineda that the Excavator was broken and that the Defendants were trying to fix the Excavator, and that they would ship the Excavator to Pineda after it was fixed.

15. During January and February of 2020, after Plaintiff/Creditor Pineda found out that the Excavator had still not arrived in Galveston, Texas (for shipment to Honduras) Plaintiff/Creditor Pineda contacted the Galveston shipping office INTERPORT, and they told him that they had made three appointments to have the Excavator delivered to them by Defendant/Debtor, but that Defendant/Debtor never showed up and never delivered the Excavator to them for shipment to Pineda. With this information, Pineda, contacted Defendant/Debtor Bahar, the co-owner of 2-Hands, to ask for an explanation as to (i) why he was getting the runaround and being told different lies and stories, and (ii) why the Excavator that he had paid for in full by December 16, 2019, was still not being delivered to Galveston for shipment to Honduras even

though the Defendants promised that it would arrive in Galveston by the first week of January at the absolute latest for shipment to Plaintiff/Creditor Pineda in Honduras for use by his company.

16. Towards the end of February of 2020 (approximately two months after the Excavator was already supposed to have arrived in Galveston for shipment to Honduras), Defendant/Debtor Bahar continued to provide false and misleading information to Plaintiff/Creditor Pineda in an attempt to cover-up his fraud and delay Plaintiff/Creditor Pineda's discovery of the Defendant/Debtor's fraudulent scheme. In actuality, the Defendant/Debtor never had the intention of shipping the Excavator to Plaintiff/Creditor Pineda, and only made the false promises to sell him the excavator (and sent pictures of the Excavator) as part of a scheme to steal the $19,000.00 purchase price from Plaintiff/Creditor Pineda. After Plaintiff/Creditor Pineda started getting suspicious about the Debtor/Defendant's false promises, misrepresentations, lies, and excuses and their failure to deliver the excavator that he had paid for in full, Plaintiff/Creditor Pineda had his friend Miguel Gerardo Perdomo ("Perdomo") who lived in Houston, go and check out the status of the Excavator which was situated in Houston and had not yet been shipped to Galveston. Perdomo discovered that Defendant/Debtor had lied, that the Excavator was broken (it was in use by Defendant/Debtor), and the machine was not even washed or ready to be shipped as promised. Upon being advised of these facts from Perdomo, Plaintiff/Creditor Pineda for the first time realized that Defendant/Debtor had no intention of ever delivering the Excavator to him.

17. Accordingly, Plaintiff/Creditor Pineda demanded that Defendant/Debtor Bahar pay him a full refund of the $19,000.00 that Plaintiff/Creditor Pineda paid for the Excavator, but the Defendant/Debtor refused to return to Plaintiff/Creditor Pineda any of the amounts paid by him and stolen by the Defendant/Debtor.

18. The Excavator was never delivered to the port of Galveston for shipment to Honduras, and the funds paid to Defendant/Debtor Bahar, have never been returned to Plaintiff/Creditor Pineda.

19. Defendant/Debtor made false representations to Plaintiff/Creditor that he would get the Excavator; Plaintiff/Creditor relied on the representations of the Defendant/Debtor; Defendant/Debtor made the false representations knowingly with the intent to deceive the Plaintiff/Creditor, and maliciously and fraudulently did not intentionally send the equipment he purchased.

20. As a proximate legal result of the bankruptcy filing by Defendant/Debtor in an attempt to discharge a debt incurred by the debtor in connection with the facts alleged herein, Plaintiff/Creditor has been damaged in the sum of $19,000.00 plus interest. By virtue of the conduct and acts of the Defendant/Debtor, such debt is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A)and (B) as it is a debt for services obtained to the extent obtained by pretenses, false representation, or actual fraud; and pursuant to 11 U.S.C. §523(a)(4) for fraud.

21. After being criminally defrauded by the Debtor/Defendant, Pineda engaged the services of the undersigned attorney to file a Complaint Broward County Court, ***Jonny Edgardo Pineda Rapalo vs. 2 Hands Machinery LLC*** et al. **2020-023183-CC-DIV51**. Coincidentally, in 2016, the undersigned attorneys represented a different client against defendant Wong and her former company with strikingly similar facts. In the case of *Jose Manuel Cely Rodriguez, vs. Libia A. Wong and American Equipment Dealers Corp., case number: 2016-4263 CA-04,* filed in Miami Dade County court, Wong and her company at that time defrauded a Colombian developer into paying $50,000.00 for certain identified heavy equipment and never delivered the promised heavy equipment to the developer; they then attempted to hide behind a fraudulently established alter-

ego company to try to excuse their fraud and theft.  See also, *Jose Manuel Cely vs. Power Heavy Machinery Corp and Juan C. Ladino Case Number 2004-24212-CA-01.*

22.  It has become apparent that Defendant/Debtor Bahar and Wong's modus operandi is to criminally defraud foreigners out of their money by (i) promising to sell and deliver heavy equipment or machinery, (ii) by receiving payment in full for the machinery (all along knowing that their companies and co-conspirators had no intention of ever delivering the equipment or machinery or refunding the purchase price); (iii) by making up excuses and refusing to deliver the equipment or machinery and failing and refusing to refund the purchase price paid by the defrauded victim.  Upon information and belief, 2-HANDS is now the third alter ego entity created by Defendant/Debtor Bahar and Wong and co-conspirators to perpetuate this fraudulent scheme. The scam continues until enough foreigners have been robbed and complaints start to appear, whereupon Defendant/Debtor closes the current entity, disappears, and the cycle begins again with a new alter ego, a new victim, and a new fraudulent scheme.

23.  Upon information and belief, most of the Creditors in Debtor/Defendant's Chapter 7 Petition for Bankruptcy are foreign persons or entities that have been defrauded similarly as described above.  Debtor/Defendant is trying to discharge through Bankruptcy $411,926.61 worth of fraud.

**FIRST CLAIM FOR RELIEF**
**(For a Determination Debtor's Debts Are Not Dischargeable Pursuant to 11 U.S.C. §523(a)(2)(A, B)**

24.  Pineda incorporates and re-alleges the allegations in paragraphs 1-23 of this Complaint as if more fully stated herein.

25.  Defendant/Debtor made false representations to Plaintiff/Creditor that he would get the Excavator he paid for in full but was never delivered; Plaintiff/Creditor relied on the

representations of the Defendant/Debtor; Defendant/Debtor's made the false representations knowingly with the intent to deceive the Plaintiff/Creditor, and maliciously and fraudulently did not intentionally send the Excavator he purchased.

26. As a proximate legal result of the bankruptcy filing by Defendant/Debtor in an attempt to discharge a debt incurred by the debtor in connection with the facts alleged herein, Plaintiff/Creditor has been damaged in the sum of $19,000,00 plus interest. By virtue of the conduct and acts of the Debtor/Defendant, such debt is non-dischargeable Pursuant to 11 U.S.C. §523(a)(2)(A, B) as it is a debt obtained to the extent obtained by false pretenses, false representation, or actual fraud.

27. WHEREFORE, Plaintiff/Creditor prays as follows: That this Court determines that the debt of $19,000,00 plus accrued interest be determined to be non-dischargeable under 11 U.S.C § 523(a)(2)(A, B) and of the Bankruptcy Code according to proof; The Plaintiff/Creditor be entitled to judgment in the above amount; for an award of attorney's fees and costs as allowable by law in an amount the Court determines to be reasonable, and for such other and further relief that the Court deems just.

### SECOND CLAIM FOR RELIEF
### (For a Determination Debtor's Debts Are Not Dischargeable Pursuant to 11 U.S.C. §523(a)(4) and/or §523(a)(6)

28. Plaintiff/Creditor Pineda incorporates and re-alleges the allegations in paragraphs 1-23 of this Complaint as if more fully stated herein.

29. Plaintiff/Creditor Pineda has conferred a $19,000 benefit on Defendant/Debtor Bahar by paying for an Excavator that was never delivered by Defendant/Debtor Bahar, and in

fact, it was never his intention to ship Excavator and instead was part of a scam to defraud Plaintiff/Creditor Pineda of his hard-earned money.

30. Defendant/Debtor's actions are both deliberate and malicious. Plaintiff/Creditor has been damaged in the sum of $19,000,00 plus interest. By virtue of the conduct and malicious acts of the Defendant/Debtor in, such debt is non-dischargeable Pursuant to 11 U.S.C. §523(4) and/or § 523(a)(6) as it is a debt obtained by fraud.

31. WHEREFORE, Plaintiff/Creditor prays as follows:  That this Court determines that the debt of $19,000,00 plus accrued interest be determined to be non-dischargeable under 11 U.S.C § 523(a)(4) and/or § 523(a)(6) of the Bankruptcy Code according to proof;  The Plaintiff/Creditor be entitled to judgment in the above amount; for an award of attorney's fees and costs as allowable by law in an amount the Court determines to be reasonable; and for such other and further relief that the Court deems just.

DATED THIS February 26, 21.

Respectfully submitted,

EDAM LAW PLLC
Latitude One Building
175 SW 7th Street, Suite 2410,
Miami FL 33130

Office + 1 (305) 643-0740
Fax No. +1 (786) 219-0581

EDMAR M. AMAYA, ESQUIRE
Attorney for Plaintiff/Creditor

Edmar M. Amaya LL.M.
Florida Bar No.  063816
edmar.amaya@edamlaw.com

## VERIFICATION

1. I, Jonny Edgardo Pineda Rapalo declare as follows:
2. I am over 18 years of age.
3. I have personal knowledge of the activities, the events, the payments, the facts, the lies, the fraud and all facts included in the foregoing *Complaint*, and if called on to testify, I would competently testify as to the matters stated herein.
4. I verify under the pains and penalties of perjury, under the laws of the State of Florida and the United States, the factual statement in this *Complaint* concerning myself, the activities, the events, the payments, the facts, the lies, the fraud and everything included, are true and correct, as are the factual statements concerning fraud, deceit and Bahar Vitaly' intentions to defraud my money.

_____
Jonny Edgardo Pineda Rapalo

Date: 26/02/2021