## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

In re:

**VITALY BAHAR,**

Case Number 20-22993-SMG
Chapter 7

Debtor.

_____/

**JONNY EDGARDO PINEDA RAPALO,**          Adv. Case Number 21-01067-SMG

Plaintiff,

vs.

**VITALY BAHAR,**

Defendant.

_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, **VITALY BAHAR**, by and through undersigned counsel, files his *Answer and Affirmative Defenses*, and avers:

### ANSWER

1.      Defendant admits the allegations in paragraphs 1 through 5 of the complaint for jurisdictional and factual background purposes only. Defendant denies that the Plaintiff is entitled to the relief sought.

2.      Defendant admits the allegations contained in paragraphs 6 through 12 but denies the Plaintiff is entitled to the relief sought.

3.      Defendant denies the allegations contained in paragraph 13 through 23 and demands strict proof thereof.

## **<u>AFFIRMATIVE DEFENSES</u>**

1.      **Equipment was Refused.** The Defendant complied with all terms of the sale transaction and the Plaintiff refused delivery of the equipment. Prior to providing a deposit on the subject equipment, the Plaintiff inspected the machine. Defendant advised Plaintiff that the machine needed repairs and proceeded to repair the machine for delivery to the Plaintiff. After repairs were made, Plaintiff sent a third-party to inspect the machine. After this inspection, Plaintiff changed his mind, stated he no longer wanted the machine and requested a refund. The Defendant had expended significant costs to repair the machine at that time. There were no fraudulent or malicious representations made during this transaction; the Plaintiff decided to back out of the transaction after costs were expended on the subject machine.

2.      **Lack of Requisite Intent.** Defendant did not knowingly or intentionally act in any manner to purposefully hinder, delay, or defraud the Plaintiff. 11 U.S.C. §523 requires a showing of fraud. The Defendant complied with his end of the subject sale and had the equipment ready for the Plaintiff to take delivery. The Plaintiff then suffered a bout of buyer's remorse and refused the equipment he purchased. This is not fraudulent behavior on part of the Defendant. The Plaintiff has failed to show any specific instances of unequivocal intentional and fraudulent conduct on behalf of the Defendant that would give rise to an exception of this debt from discharge.

3.      **Failure to State a Cause of Action.** Plaintiff's complaint fails to state a cause of action for which relief can be granted.

4.      **Attorney's Fees.** Defendant is entitled to an award of attorney's fees if he prevails in this suit.

5.    **Reservation of Rights.** Defendant reserves the right to assert additional defenses upon further investigation and/or discovery.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent, via CM/ECF, on April 26, 2021 to: Edmar Amaya, Esq., Counsel for Plaintiff, Edmar.amaya@edamlaw.com.

<u>**CERTIFICATE PURSUANT TO**</u>
<u>**LOCAL RULE 9011-4(B)**</u>

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**KINGCADE & GARCIA, P.A**
Counsel for the Debtor
Kingcade Building
1370 Coral Way
Miami, Florida 33145-2960
WWW.MIAMIBANKRUPTCY.COM
Telephone: 305-285-9100 ▪ Facsimile: 305-285-9542
<u>/s/ Timothy S. Kingcade</u>
X  Timothy S. Kingcade, Esq., FBN 082309
☐  Wendy Garcia, Esq., FBN 0865478
☐  Jessica L. McMaken, Esq., FBN 580163